# In the United States Court of Federal Claims

No. 15-1109C
(Filed: January 6, 2017)[1]

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                                   *
JOHN DOE,                                          *
                                                   *
              Plaintiff,                           *
                                                   *
       v.                                          *
                                                   *
THE UNITED STATES,                                 *
                                                   *
              Defendant.                           *
                                                   *
                                                   *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S RULE 56(d) MOTION**

Plaintiff served as a "Confidential Human Source" in the Miami Field Office for the Federal Bureau of Investigation ("FBI") in the years 2000, 2010, 2012, and 2013. On October 2, 2015, Plaintiff filed the instant action seeking compensation under 19 U.S.C. § 1619 for information he provided to the FBI that led to forfeiture of property and apprehension of individuals who violated customs and money laundering laws.[2]

On August 4, 2016, Defendant filed a motion for summary judgment. This matter comes before the Court on Plaintiff's Rule 56(d) motion for additional discovery he claims is necessary

---

[1] On December 6, 2016, the Court issued this opinion under seal and directed the parties to file proposed redactions. On December 30, 2016, and January 3, 2017, the parties filed proposed redactions. On January 6, 2017, the Court held a telephonic status conference, and the parties withdrew several proposed redactions. The Court accepts the parties' revised redactions and reissues this Opinion indicating redactions by asterisks "[***]."

[2] On December 3, 2015, Defendant moved to dismiss the complaint arguing that Plaintiff failed to state a claim upon which relief could be granted. On May 10, 2016, Plaintiff filed an amended complaint, rendering Defendant's motion to dismiss the original complaint moot.

to enable him to respond to Defendant's motion for summary judgment. For the reasons stated below, Plaintiff's motion for additional discovery is granted.

## Background

The Tariff Act of 1930 authorizes payment to informants for original information that leads to recovery of duties, or the imposition of fines, penalties or forfeiture. Section 1619 of the Tariff Act, Award of Compensation to Informers, provides in relevant part:

(a): In General

If - -

(1) any person who is not an employee or officer of the United States - -

(A) detects and seizes any vessel, vehicle, aircraft, merchandise, or baggage subject to seizure and forfeiture under the customs laws or the navigation laws and reports such detection and seizure to a customs officer, or

(B) furnishes to a United States attorney, the Secretary of the Treasury, or any customs officer original information concerning - -

(i) any fraud upon the customs revenue, or

(ii) any violation of the customs laws or the navigation laws which is being, or has been, perpetrated or contemplated by any other person; and

(2) such detection and seizure or such information leads to a recovery of - -

(A) any duties withheld, or

(B) any fine, penalty, or forfeiture of property incurred;

the Secretary may award and pay such person an amount that does not exceed 25 percent of the net amount so recovered.

19 U.S.C. § 1619(a) (2012).

Defendant contends that Plaintiff "never worked for, or furnished information to, a Customs Officer that resulted in the recovery of duties, or a fine, penalty, or forfeiture under the customs laws," but instead provided information to the FBI on investigations that only involved the FBI, not any other agencies. Def's. Mot. Summ. J. 1.

Plaintiff alleges that he was aware that the FBI might have to work with other federal law enforcement agencies, including the United States Customs Service, and that he understood he would receive payment for the information given directly to the FBI and passed on to Customs. Doe Aff. ¶ 2. Plaintiff further alleges that his family has received threats due to his collaboration with the FBI, and that he and his family are in danger. Id. at ¶ 5.

According to FBI Acting Supervisory Special Agent Christopher A. Macrae, who coordinated and supervised Plaintiff's work, Plaintiff provided information to the Miami Field Office of the FBI during the 1990's for which he was paid in excess of $400,000. Macrae Decl. ¶ 1. Plaintiff does not seek additional payments relating to the 1990's investigations.

Plaintiff worked as a "Confidential Human Source" for the FBI again in 2000, on the Operation [***]" investigation. Am. Compl. ¶ 10. Plaintiff contends that the information he provided in Operation [***] led to "several arrests and seizures of boats, cars, bank accounts, safe deposit boxes and real estate." Id. Plaintiff provided information again to Defendant in or around March 2010, regarding a communication he received from a Columbian drug cartel to launder money in the United States. Macrae Decl. ¶ 2. By mutual consent, Plaintiff was deactivated in approximately June 2010, due to his inability to provide information concerning drug or money-laundering activities. Id.

In or around February 2012, Plaintiff called the FBI stating that he had access to more information. Id. at ¶ 3. Between 2012 and 2013, Plaintiff worked on the "[***]" and "[***]" investigations. Id. at ¶¶ 3, 4. Special Agent Macrae testified that the information Plaintiff provided in the [***] and [***] investigations never led to any arrests, convictions, seizures, or forfeitures, but Plaintiff asserts that the information did result in successful prosecutions and confiscations. Id.; Am. Compl. ¶¶ 11-12. Defendant acknowledges that the Drug Enforcement Agency later arrested Plaintiff's contact in the [***] investigation but argues that this arrest stemmed from independent information not provided by Plaintiff. Macrae Decl. ¶ 3. Special Agent Macrae testified that the Miami Field Office paid Plaintiff $15,500 "for his time and expense of setting up the meets and recording the telephone calls" in the [***] investigation, and that no "actionable intelligence" was provided in the [***] investigation. Id. at ¶¶ 3, 4.

Plaintiff claims that he has received informant awards for his work between 2000 and 2013, in the amount of $300,000, but that he was only paid $20,000 from December, 2012, to the present. Am. Compl. ¶ 6. Plaintiff seeks an award of $1,000,000. Id. at ¶ 15.

On August 4, 2016, Defendant filed a motion for summary judgment and to stay discovery, and on September 7, 2016, Plaintiff filed the instant Rule 56(d) motion.

## Discussion

Plaintiff requests discovery to ascertain the outcomes of the investigations in connection with his request for compensation pursuant to 19 U.S.C § 1619. On July 19, 2016, Plaintiff served Defendant with interrogatory requests and requests for production of documents. Def.'s Mot. APPX 7-12. Specifically, Plaintiff seeks the following information via interrogatories:

- The federal law enforcement agencies that identified Plaintiff as a confidential informant;

- The identity of Plaintiff's "handling agents" during his tenure as a confidential informant;

- An index of every document signed by Plaintiff while he was a confidential informant;

- The case file numbers and titles of investigations in which Plaintiff provided information, the results of those investigations, whether there were any seizures,

3

  arrests, or prosecutions and their details, and whether there were any spin-off investigations; and

- A list of payments made to Plaintiff.

Id. at APPX 7-9.

  Plaintiff seeks the following documents:

- The entire "[Confidential Informant]" or "[Source of Information]" or "witness" or other similar file that the United States opened and maintained on Plaintiff.

- A copy of all documents that address, mention, or discuss Plaintiff with regard to Plaintiff's "initial sign up" with the United States, any and all periodic contacts between any agent or representative of the United States and Plaintiff, compensation/reward payments to Plaintiff, and requests, requisitions, solicitations, recommendations for compensation and/or reward payments for Plaintiff.

Id. at APPX 11-12.

  Pursuant to Rule 56(a) of the Rules of the United States Court of Federal Claims, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." However, Rule 56(d) allows a party to respond to a motion for summary judgment with a request for additional discovery necessary to form its opposition. Rule 56(d) provides:

> **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Motions for additional discovery under RCFC 56(d) "'are generally favored and are liberally granted.'" Clear Creek Cmty. Servs. Dist. V. United States, 100 Fed. Cl. 78, 83 (2011) (quoting Chevron U.S.A. Inc. v. United States, 72 Fed. Cl. 817, 819 (2006)).

  To obtain Rule 56(d) relief, a party must satisfy the following five-pronged test:

> (1) Specify the particular factual discovery being sought;
> (2) Explain how the results of the discovery are reasonably expected to engender a genuine issue of material fact;
> (3) Provide an adequate factual predicate for the belief that there are discoverable facts sufficient to raise a genuine and material issue;
> (4) Recite the efforts previously made to obtain those facts; and
> (5) Show good grounds for the failure to have discovered the essential facts sooner.

Jade Trading LLC v. United States, 60 Fed. Cl. 558, 565 (2004) (quoting Theisen Vending Co. v. United States, 58 Fed. Cl. 194, 198 (2003)). This standard requires Plaintiff to articulate "'with some precision'" the evidence he hopes to obtain, how this evidence would likely disclose issues

4

of material fact, and why he is unable to access such evidence without further discovery. Anham FZCO v. United States, 123 Fed. Cl. 386, 389 (2015); Clear Creek, 100 Fed. Cl. at 82 (quoting Padilla v. United States, 58 Fed. Cl. 585, 593 (2003)). In assessing a Rule 56(d) motion, the Court will determine whether the "parties would be better served by pursuing discovery and deferring any dispositive motions until further development of the record." Jade Trading, 60 Fed. Cl. at 566.

Plaintiff filed an affidavit in support of his Rule 56(d) motion and seeks additional discovery on: (1) whether United States Customs was involved in any investigations that resulted in information provided, in whole or in part, by Plaintiff, (2) whether any information provided by Plaintiff resulted in any arrest, conviction, seizure, or forfeiture that would entitle Plaintiff to a reward, (3) when any final conviction, seizure, or forfeiture resulting from information provided by Plaintiff occurred, and, (4) the ultimate results of the investigations.

Plaintiff has adequately explained how his requested discovery is reasonably expected to engender genuine issues of material fact. Theisen, 58 Fed. Cl. at 198. At issue in this case is whether Plaintiff provided original information to an appropriate source that led to a recovery, or fine, penalty, or forfeiture of property. Responses to the discovery Plaintiff seeks could illuminate any involvement of the United States Customs Service in securing any arrests, convictions, seizures, or forfeitures of property that might entitle Plaintiff to an award. Plaintiff does not possess this information, as confidential informants cannot themselves readily access information on the outcomes or details of confidential investigations. See Pl.'s Reply 2.

Also at issue is whether Plaintiff's claim for compensation for information provided by Plaintiff in the year 2000 for his work in Operation [***] is barred under the statute of limitations. The applicable statute of limitations provides:

> Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.

28 U.S.C. § 2501 (2012). The statute of limitations in 28 U.S.C. § 2501 is jurisdictional. John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 134 (2008). In resolving disputes involving predicate jurisdictional facts, "'a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings . . . .'" Shoshone Indian Tribe of the Wind River Reservation, Wyo. v. United States, 672 F.3d 1021, 1030 (Fed. Cir. 2012) (omission in original) (quoting Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1584 (Fed. Cir. 1993)).

A claim accrues when "'all events have occurred to fix the government's alleged liability entitling the claimant to demand payment and sue here for his money.'" Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (quoting Nager Elec. Co. v. United States, 177 Ct. Cl. 234, 240 (1966)). Here, a determination of when the claim accrued depends upon the dates of the investigations in which Plaintiff was involved. Without discovery, Plaintiff does not have access to information about timing of the investigations or when his claim accrued, and the discovery Plaintiff seeks will likely illuminate whether the statute of limitations bars his claim for compensation with respect to Operation [***].

Finally, the written discovery Plaintiff has served on Defendant is limited in scope to eight interrogatories and four requests for production of documents. Providing answers to Plaintiff's discovery requests will not impose an undue burden on the Government.

### **Conclusion**

Plaintiff's request for additional discovery under Rule 56(d) is **GRANTED**. Plaintiff's discovery requests, which were attached to Defendant's Motion for Summary Judgment at APPX 7-9 and 11-12, are deemed served as of this date. Defendant shall respond to Plaintiff's discovery requests in accordance with the Rules of this Court.

Plaintiff's Rule 56(d) discovery shall be completed no later than **February 1, 2017**. Defendant's motion for summary judgment is stayed pending further development of the record.

Upon completion of such discovery, the parties shall file a joint proposed schedule for supplementation of their summary judgment papers.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**
